**In re the Marriage of Stephen R. NOVAK, Petitioner, Appellant,**

v.

**Kathryn W. NOVAK, n/k/a Kathryn W. Samuelson, Respondent.**

**No. C1–90–140.**

Court of Appeals of Minnesota.

Aug. 7, 1990.

Kathleen M. Picotte–Newman, Sharon L. Brenna, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

James B. Wallace, Park Rapids, for respondent.

Considered and decided by LANSING, P.J., and SCHUMACHER, and SHORT, JJ.

## OPINION

SCHUMACHER, Judge.

The trial court denied a motion to terminate spousal maintenance and this appeal followed. We affirm.

## FACTS

The marriage of Stephen Novak and Kathryn Novak was dissolved April 7, 1987. The court reserved the issues of maintenance and property division, and a trial was held April 21, 1987. Sometime after the trial, both Stephen and Kathryn remarried. Judgment was entered November 18, 1987, on the issues of maintenance and property division, and the court noted that the parties had remarried but indicated that it had no knowledge of the economic benefits to either Kathryn or Stephen.

The court found that Stephen had a gross yearly income of $43,260, net monthly income of $2,302.12, and reasonable monthly expenses of $1,100. The court found that Kathryn had a net monthly income of $200 and monthly living expenses of $1,900 for herself and her minor children. The trial court found:

That the Respondent lacks sufficient property, including marital property that the Court is awarding to her, to provide for her reasonable needs considering the standard of living of the parties during the marriage. She also is unable at the present time given her education, training and experience to provide for her adequate self-support and, given the fact that she still has minor children at home that she needs to care for, it is difficult for her to engage in and seek full-time employment. That the Respondent has been engaged in various part-time employment throughout the marriage relationship. She has sacrificed her own employment and professional opportunities for those of the Petitioner to allow him to obtain his master's degree, credits towards his doctorate degree and advancement in his profession. She has also not furthered her educational opportunities to allow the Petitioner to obtain the earning status that he currently has.

The trial court ordered:

That as and for permanent maintenance which shall not terminate upon Respondent's remarriage, the Petitioner shall pay to the Respondent the sum of $600.00 per month, payable one half on the 1st and one half on the 15th of each month commencing December 1, 1987, which shall continue for a period of five years at which time the Court shall review the continuation of maintenance un-

less there has been a previous motion by either party for full review.

In its memorandum, the trial court stated:

> While the Court could terminate maintenance because of the remarriage of the Respondent, the Court does not believe that fact in and of itself is sufficient to overturn the need outlined above. The Court has no knowledge of the nature of the marriage, how well the parties are situated and so forth. As a result, the Court believes that without being shown those changes it should continue maintenance because it has found the need for maintenance at the hearing on the merits in this matter. The Court has provided for a review and the law provides for a review if circumstances have changed.

On December 2, 1987, Stephen made a motion for a new trial or amended findings which was denied by the trial court. He then appealed to this court, but the appeal was dismissed on procedural grounds. Stephen then sought a modification or termination of spousal maintenance which the trial court denied. A second motion for termination of spousal maintenance was made by Stephen on August 17, 1989, which the trial court denied. Stephen appeals from the denial of the second motion to terminate spousal maintenance.

## ISSUE

Did the trial court properly deny Stephen's motion to terminate permanent spousal maintenance?

## ANALYSIS

On appeal, the trial court is given broad discretion with respect to an award of spousal maintenance and this court will not reverse unless the trial court decision is clearly erroneous. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

Stephen made a motion requesting the trial court to modify the dissolution decree and terminate spousal maintenance. He claimed that the trial court's decision to continue maintenance after Kathryn's remarriage was clearly erroneous. An award of maintenance may be modified when there is a showing of "substantially increased or decreased earnings of a party" or a showing of "substantially increased or decreased need of a party." Minn.Stat. § 518.64, subd. 2 (1988).

> Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Minn.Stat. § 518.64, subd. 3 (1988).

Stephen contends that continuing maintenance after the receiving party remarries contradicts the purpose of maintenance as recognized by Minnesota law. However, the statute provides that the obligation to pay future maintenance is terminated when the party receiving maintenance remarries *unless* the decree expressly provides otherwise. Minn.Stat. § 518.64, subd. 3. In this case, the trial court ordered:

> That as and for *permanent maintenance which shall not terminate upon Respondent's [Kathryn's] remarriage,* the Petitioner [Stephen] shall pay to the Respondent the sum of $600 per month, * * * which shall continue for a period of five years at which time the Court shall review the continuation of maintenance unless there has been a previous motion by either party for a full review. (Emphasis added).

The language in the decree indicates that the trial court intended the maintenance to continue even after Kathryn remarried.

## DECISION

The trial court's denial of the motion to terminate spousal maintenance is affirmed.

Affirmed.